ROSE v. COLEF.

VENDOR AND PURCHASER—RECORDING—LEVY AND SALE TO VENDOR'S JUDGMENT CREDITOR—NOTICE.

In suit to set aside levy, sale and deeds to lots in a subdivision, record title to 66 of which had theretofore stood in judgment debtor, although some had been sold to plaintiffs under land contracts or deeds which had not been recorded, evidence did not disclose that bank, as judgment creditor, was to be charged with notice that its judgment debtor did not in fact own all of the lots to which it had title of record notwithstanding bank had been told that some of the 223 lots of the subdivision had not been sold, as it had a right to rely on the records in the office of the register of deeds.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 8, 1943. (Docket No. 18, Calendar No. 42,199.) Decided October 11, 1943.

Bill by Claude A. Rose and others against I. E. Colef and others to set aside levy, sale and deeds of real estate. Decree for defendants. Plaintiffs appeal. Affirmed.

*Frank F. Ford* and *Edward J. Ryan*, for plaintiffs.

*Stearns, Kleinstuck & Stapleton (Joseph S. Folz,* of counsel), for defendants Colef.

*Howard, Howard & Howard,* for defendant Home Savings Bank.

WIEST, J. Alleging individual grievances occasioned by defendant bank and common in effect on all, plaintiffs joined in filing the bill herein. Defendants' motion to dismiss the bill for misjoinder of parties plaintiff was held in abeyance by the court. The case was heard upon its merits and the bill dismissed. Plaintiffs review by appeal. Defendants have not filed a cross appeal and we will review the case *de novo.* The bill was filed to set aside a sheriff's sale of vacant lots under an execution on the ground that the judgment creditor had notice putting it to inquiry as to the ownership by plaintiffs of some of the lots.

If the defendant bank acquired unimpeachable title the case ends as to all defendants.

In 1927, 40 acres of land in Kalamazoo township, Kalamazoo county, was platted into 223 lots by the Kalamazoo Development Company, evidently under the management of Samuel Slosberg, manager of the company. Plaintiffs each purchased a vacant lot therein under executory land contract, made the contract payments and received deeds. The land contracts and deeds were not recorded, nor were any improvements made upon the several lots. Plaintiffs' vendor and grantor was indebted to defendant Home Savings Bank and the bank brought suit on such indebtedness, obtained judgment and execution, inquired of Slosberg what property the National Homes Corporation, which had succeeded to all the rights of the Kalamazoo Development Company, had and was informed that the judgment debtor had a few vacant lots undisposed of in the subdivision. Before levy the defendant bank had the records in

the office of register of deeds searched and found title to 66 of the lots standing in the judgment debtor, levied thereon, and upon sale under the execution purchased the same. This levy and sale included plaintiffs' lots. After such sale defendants Colef acquired the property.

No attack is made upon the regularity of the proceedings under the judgment levy and sale. Plaintiffs filed the bill herein to set aside the sale of their lots, claiming that the bank had notice putting it to inquiry as to their ownership of the several lots and, failing to perform the duty of further inquiry, it, therefore, could not rely alone on the record in the office of the register of deeds. Four of plaintiffs made small payments at the bank on their contracts and the amounts thereof were credited to the bank account of the judgment debtor.

Plaintiffs claim that Mr. Slosberg left Kalamazoo for Flint in 1931 or 1932, and turned over to defendant bank 18 or 20 of the unpaid land contracts to make collection thereon and credit the same on the checking account of the National Homes Corporation.

We cannot find, under the testimony of Mr. Slosberg, that he turned any of the land contracts over to the bank to make collection thereon. He did so testify on examination but later qualified that statement to the extent that we cannot affirmatively find he left any of the land contracts with the bank. The testimony in behalf of the bank was that no land contracts were left with the bank, but when the three or four purchasers came in they brought their land contracts and paid small amounts, which were entered thereon and credited to the account of the vendor.

As stated before, plaintiffs did not record their land contracts nor, upon payment in full thereon,

did they record their deeds until after the bank had acquired title to the premises. The bank was not required to take Mr. Slosberg's statement of a few lots not sold but had a right to rely on the records in the office of the register of deeds.

Under the evidence the bank is not to be charged with notice that its judgment debtor did not in fact own all of the 66 lots. We have examined the record with care and agree with the circuit judge that plaintiffs made no case calling for relief.

The decree is affirmed, with costs against plaintiffs.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.